LAW OFFICE OF JOHN HALLEY
John A. W. Halley, SBN 111682
620 Jefferson Avenue
Redwood City, CA 94063
Tel: (650) 366-6789
Fax: (650) 365-5386

Attorney for Petitioner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIE SCHOBY JR.                           Case No.

Petitioner,

                                            **PETITION FOR WRIT OF
v.                                          HABEAS CORPUS**

ANTHONY HEDGPETH, Warden,
California State Prison- Kern Valley,
California Department of Corrections
_____/

**CUSTODY**

1.    Petitioner Willie Schoby is in custody of Respondent Anthony Hedgpeth, Warden of

Kern Valley State Prison, an institution of the California Department of Corrections.

Petitioner is in this custody pursuant to the judgement in *People v. Schoby*, San Mateo

Superior Court No. SC50759 and SC48970A .

**State Court Proceedings**

2.    In *People v. Schoby*, SC50759 San Mateo petitioner was charged by information filed

January 11, 2002 and amended February 2, 2004. Willie Schoby, Jr. (Hereafter petitioner),

was charged with twenty one counts related to four alleged victims: four counts of false

imprisonment (PC § 236), eight counts of rape (PC § 261, subd. (a), subsec. (2)), four counts

of assault with a deadly weapon or force likely to produce great bodily injury (PC § 245,

subd. (a)), one count of attempted rape (PC § 664/261, subd. (a), subsec. (2)), one count of

attempted oral copulation (PC § 664/288(A)), one count of kidnapping (PC § 207, subd. (a)),

one count of assault with intent to commit rape (PC § 220), and one count of penetration with

a foreign object (PC § 290, subd. (a) subsec. (1)). An enchancement for having committed

1  an offense specified in section 667.61, subdivision (c) against more than one victim was

2  alleged in nine of the counts.  (PC § 667.61 (e)(5))  Use of a dangerous or deadly weapon

3  enhancements were alleged in five of the counts. (PC § 12022.3, subd. (a), 667.61, subd. (e),

4  subsec. (4)).   A bail enhancement was alleged. (PC  §12022.1)  Two  prior  conviction

5  enhancements were alleged.  (PC § 1170.12, 667(a))  (CT 22, 292-306)

6       After jury trial, petitioner was acquitted or no verdict was returned on all counts

7  except the following: he was found guilty on counts one through four, relating to the alleged

8  victim, Pamela: one count of false imprisonment (PC §236), two counts of rape (PC § 261,

9  subd. (a), subsec. (2)), and one count of assault with a dangerous deadly weapon (PC § 245,

10  subd. (a)).  With regard to the use allegations attendant to count three, rape, the jury found

11  the allegations pursuant to section 667.61, subdivision (e)(4) to be true, but the allegation

12  pursuant 12022.3, subdivision (a) not true.  (CT 1160-1161)  Petitioner was acquitted of

13  counts five through eighteen.  The jury was unable to reach a verdict on counts nineteen

14  through twenty-one. (CT 1153-1155)  Those counts were dismissed on motion of the district

15  attorney. (CT 1177)  Petitioner waived jury On March 30, 3004, after a waiver of jury trial,

16  the trial court found the prior conviction alleged as a strike and a serious felony to be true.

17  The court also found the bail enhancement pursuant 12022.1 to be true.  (CT 1178-1179,

18  1304; RT 2262-2270)

19       On September 10, 2004, petitioner was sentenced to nineteen years consecutive to

20  thirty years to life.  The sentence was calculated as follows: On count two (rape of Pamela):

21  mid-term of six years doubled pursuant to the three strikes law, plus two years on the bail

22  enhancement and five years for the prior serious felony conviction.  On count three (also an

23  alleged rape of Pamela on the same date): fifteen years to life pursuant to PC 667.61,

24  subdivision (e)(4) double under the three strike law (PC § 1170.12, subd. (c), subsec. 654.

25  (CT 1396, 1462-1464)

## State Review Proceedings

27  3.     Petitioner appealed to the California Court of Appeal, First District.   The court of

28  appeal addressed the claims on the merits in an unpublished opinion and affirmed the

1    judgement. (*People v. Schoby* Cal. Ct. App., First Dist. A107821 on April 13, 2006)

2    4.    Petitioner timely petitioned the California Supreme Court seeking review of the court

3    of appeal opinion.  The Supreme Court summarily denied review on July 26, 2006 (Cal.

4    Supreme Court No. S143581)

**CLAIMS FOR RELIEF**

**CLAIM ONE**

7    5.    Petitioner was denied his  right to a finding by the jury beyond a reasonable doubt

8    under the Sixth and Fourteenth Amendments to the constitution by the failure to properly

9    instruct the jury on the elements of the "One Strike" enhancement under Penal Code section

10    667.61(e)(4) on count 3, for which he received a life sentence.    The One Strike statute

11    (section 667.61) requires a finding "the defendant personally used a dangerous or deadly

12    weapon or a firearm in the commission of the present offense in violation of Section 12022,

13    12022.3, 12022.5, or 12022.53." (Cal. Penal Code section 667.61, subd. (e)(4).)  Here, the

14    relevant reference is to section 12022.3, which applies to a defendant who uses a "deadly

15    weapon or a firearm" – defendant was charged with a violation of section 12022.3 in count

16    3; the jury was instructed on that allegation; and the jury returned a not true finding on that

17    allegation. (CT 22, 292-306, 1148)  The negative finding on the section 12022.3 allegation

18    stated: "the allegation that the said defendant ... did personally use a deadly weapon, to wit:

19    a bat and a crowbar, during the commission of the crime charged in COUNT 3 of the

20    Information within the meaning of Penal Code section 12022.3(a) to be NOT TRUE." (CT

21    1160)  On the One Strike allegation, the jury  was instructed that it could find this allegation

22    true if it found that he had used a "deadly weapon" and the same instruction defined that term

23    – i.e., it was instructed "It is alleged in Count[ ] 3 ... that the defendant personally used a

24    *deadly weapon*.... If you find the defendant guilty of Count[ ] 3 ... you must determine

25    whether the defendant personally used a *deadly weapon* in the commission of [that crime].

26    [¶] A *deadly weapon* is any object, instrument or weapon which is used in such a manner as

27    to be capable of producing or likely to produce death or great bodily harm. The term

28    *personally used a deadly weapon*, as used in this instruction means that the defendant must

1  have intentionally displayed a *deadly weapon* in a menacing manner, or intentionally struck

2  or hit a human being with it..."  (CT 124, RT 2047-2048 [emphasis added].)    The verdict

3  form on which the jury made its true finding on this One Strike allegation, however, stated

4  that the jury found that defendant had used a "**dangerous or** deadly" weapon in that offense

5  – i.e, it found "the allegation that the said defendant ... did personally use a **dangerous or**

6  *deadly* weapon during the commission of the crime charged in COUNT 3 of the Information

7  within the meaning of Penal Code section 667.61(e)(4) to be TRUE." (CT 1161)  The jury

8  was given a definition of the meaning of "deadly weapon" (i.e, a weapon that is "used in such

9  a manner as to be capable of producing or likely to produce death or great bodily harm" [in

10  the instruction just quoted]) but it was never given any definition of the term "**dangerous**

11  **weapon**."    In fact, California uses exactly the same definition for "deadly" and for

12  "dangerous" weapon. (CALJIC 12.42 [giving the definition just quoted for both deadly and

13  dangerous weapons].)    The instructions and the finding on the One Strike allegation

14  therefore were defective for the following reasons.

15      First, the One Strike verdict form effectively informed the jury that they could make

16  a true finding even if he did not use a "deadly weapon" so long as he had used a "dangerous

17  weapon" – but they were given no guidance or instruction on what the term "dangerous

18  weapon" actually means.  In the absence of a definition, any reasonable juror would

19  understand "dangerous weapon" as meaning something less than a "deadly weapon" – and

20  as setting a lower, a weaker and more easily satisfied standard than "deadly weapon."

21  Hence, the finding on the One Strike allegation is defective because the jury was not

22  instructed on the necessary elements of that allegation. Defendant was therefore denied his

23  right to due process and to a jury finding beyond a reasonable doubt on the necessary

24  elements of this element, in violation of his rights under the Fifth, Sixth, and Fourteenth

25  Amendments.

26      Second, the One Strike law requires that there be a finding that the defendant have

27  committed the subject crime "in violation of section ... 12022.3..."  and this condition is

28  clearly not met.  This jury was not instructed that it had to find such a "violation of section

1    12022.3" in order to find the One Strike allegation true, and in fact they found that there had

2    *not* been a violation of section 12022.3. (CT 1160) Hence, this specific requirement of the

3    One Strike law was not met.    The jury did not make the findings necessary to support the

4    One Strike allegation.    Defendant was thereby denied his fifth, sixth and fourteenth

5    amendment right's to a finding on this necessary element of the section 667.61(e)(4)

6    allegation and he is in fact factually innocent of that allegation.

7         Third, the One Strike law as it applied in this particular case could never be satisfied

8    by a finding that defendant had used a "dangerous weapon" as this jury was permitted to do.

9    The One Strike law in section 667.61(e)(4) is written to cover a range of conduct prescribed

10   by other sentencing statutes – i.e., the use of "a dangerous or deadly weapon or a firearm ...

11   in violation of Section 12022, 12022.3, 12022.5, or 12022.53." (Cal. Penal Code section

12   667.61, subd. (e)(4).) The only part of that list that is relevant here is section 12022.3 (since

13   this is the only relevant violation that was charged in Count 3).    Section 12022.3, however,

14   covers only the use of a "deadly weapon or firearm." (See, section 12022.3, subd. (a) quoted

15   above.) Hence, it was error on its face to introduce the concept of "dangerous weapon" into

16   the verdict form for the One Strike finding.    Stated another way, since only a section 12022.3

17   violation was alleged, a finding that defendant used a "dangerous weapon" does not trigger

18   One Strike sentencing.    Hence, defendant was denied his rights to due process and to

19   findings by the jury beyond a reasonable doubt on all necessary elements of the charge, in

20   violation of the Fifth, Sixth, and Fourteenth Amendments.

21                                  **CLAIM TWO**

22   7.    Petitioner was denied his sixth amendment jury trial right by trial court's imposition

23   of consecutive sentences (i.e., a 19 year term for the crime and enhancements on Count 2 [a

24   rape of Pamela] and a 30 year to life term on Count 3 [rape of Pamela with a One Strike

25   finding under section 667.61(e)(4)].)    The court based the consecutive sentence on its own

26   finding that the two rapes against Pamela in Counts 2 and 3 occurred on separate occasions

27   after opportunity to reflect. (RT of sentencing, 9/10/04, pg. 39-40.) The California supreme

28   court has held that *Cunningham v. California* (2007) 549 U.S. _, 127 S.Ct. 856 does not

1  apply to the findings necessary for consecutive sentencing in California. (*People v. Black*
2  (2007) 41 Cal.4th 799, 822-824 (*Black II*.)    *Black II* reasoned that there is no California
3  rule making concurrent terms the "maximum" in the absence of additional facts, and
4  concluded that the findings made by a trial court to support consecutive terms need not be
5  "facts" but are merely "reasons" and they therefore are not covered by Apprendi. (*Black II*,
6  Id at 822-824)  *Black II*, however, has only characterized California's consecutive sentencing
7  rules; it has not changed them.  Those rules have required for many years that a trial court
8  cannot impose a consecutive sentence unless the court has been able to find a fact justifying
9  that sentence, which fact must be supported by the record.  (*In re Spears* (1984) 157
10  Cal.App.3d 1203, 1211-1214; *People v. Lawson* (1980) 107 Cal.App.3d 748 [dual use of
11  facts limitations apply]; *People v. Bejarano* (1981) 114 Cal.App.3d 693, 704; *People v.*
12  *Walker* (1978) 83 Cal.App.3d 619, 622.)  Appellant respectfully submits that the substance
13  of California law remains the same after *Black II*: a defendant convicted of multiple crimes
14  cannot receive a consecutive sentence unless facts have been found that justify a consecutive
15  sentence under Rule 4.425.   On that ground, *Black II* is contrary to clearly stated Supreme
16  Court authority applying the Sixth Amendment and is an unreasonable application of that
17  authority.   The consecutive sentences on Counts 2 and 3 are therefore error.

18  **PRAYER**

19      WHEREFORE, petitioner prays that this court grant petitioner relief to which he is
20  entitled in this proceeding.

21      I, John Halley, am petitioner's counsel herein and I verify under penalty of perjury that
22  the forgoing is true and correct.

23  //
24  //
25  //
26  Dated: _10/22/07_

27                                                          JOHN A. W. HALLEY, Attorney
                                                           for petitioner, Willie Schoby
28

1

### PROOF OF SERVICE
(C.C.P. § 1013(a), 2015.5)

2

3

    I am employed in the County of San Mateo, California. I am over the age of eighteen years
4 and not a party to the within action. My business address is 605 Middlefield Road, Redwood City,
California 94063.

5

    On October 23, 2007, I served the attached **WRIT HABEAS CORPUS** on the parties in this
6 action by placing a true copy thereof in a sealed envelope, addressed as follows:

7

District Attorney's Office
8 400 County Center, 3rd Floor
Redwood City, CA 94063

9

10

[ ]    **(BY MAIL)** I placed each such sealed envelope, with postage thereon fully prepaid
11 for first class mail, for collection and mailing at Carr, Yeley & Associates, Redwood City,
California, following ordinary business practices. I am readily familiar with the practice of
12 the firm of Carr, Yeley & Associates for collection and processing of correspondence, said
practice being that in the ordinary course of business, correspondence is deposited with the
13 United States Postal Service the same day it is placed for collection.

14 [XX]    **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand
to the addressee noted above.

15

[ ]    **(BY FEDERAL EXPRESS)** I caused such sealed envelope to be delivered by
16 overnight service to the addressee noted above.

17 [ ]    **(BY FACSIMILE)** I transmitted the above described documents by facsimile
machine, pursuant to Rule 2008 from Fax number (650) 365-4206 to fax number listed
18 above. The facsimile machine that I used complied with Rule 2003(3) and no error was
reported by the machine. Pursuant to Rule 2008(e)(4) I caused the machine to print a
19 transmission record, a copy of which is attached to this declaration.

20     I, Priscilla Lal, declare under penalty of perjury under the laws of the State of California, that
the foregoing is true and correct.

21

Executed on October 23, 2007, at Redwood City, California.

22

23

24 PRISCILLA LAL

25

26

27

28