

1 | LAW OFFICE OF JOHN HALLEY **FILE RECEIVED**
John A. W. Halley, SBN 111682
2 | 620 Jefferson Avenue                    NOV 0 5 2007    NOV 2007
Redwood City, CA 94063
3 | Tel: (650) 366-6789                 RICHARD W. WIEKING  RICHARD W. WIEKING
Fax: (650) 365-5386                 CLERK, U.S. DISTRICT COURT  CLERK, U.S. DISTRICT COURT
4 |                                    NORTHERN DISTRICT OF CALIFORNIA  NORTHERN DISTRICT OF CALIFORNIA

Attorney for Petitioner
5

UNITED STATES DISTRICT COURT
6 | NORTHERN DISTRICT OF CALIFORNIA

7

8 | WILLIE SCHOBY JR.                         Case No. C 07-5431 SI

9 |     Petitioner,

APPLICATION TO STAY
10 | PROCEEDINGS PENDING
EXHAUSTION OF STATE COURT
11 | REMEDIES; MEMORANDUM
    v.                                DECLARATION IN SUPPORT
12 | [PROPOSED ORDER]

13 | ANTHONY HEDGPETH, Warden,
California State Prison- Kern Valley,
14 | California Department of Corrections
_____/
15

Petitioner, through counsel, hereby applies to this Honorable Court for a protective
16

17 | stay of the instant proceedings pending the decision on a petition for writ of habeas

18 | corpus to be filed by petitioner in the California Supreme Court within thirty (30) days of

19 | the filing of this court's stay and abey order.
20

21 | This application is made for good cause, as set forth in the attached declaration of

22 | Attorney John Halley. This application is based upon the attached memorandum of points

23 | and authorities, the attached declaration of John Halley, all files and records in this case
24
25 | and such further information as may be provided to the court with respect to this

26 | application.

27 | DATED:    11/2/07    _____
28 |                                    John Halley, Attorney for Petitioner

1

**DECLARATION OF JOHN HALLEY**

2       I, John Halley, declare under penalty of perjury and the laws of the United States
3  and the State of California, that the following is true:

4       1.      I am an attorney, duly admitted to practice before the courts of this State.
5  I am counsel of record for petitioner.

6       2.      The California Supreme Court denied petitioner's Petition for Review on
7  June 26, 2005.

8       3.      In June 2006, I was asked by petitioner's original trial attorney if I could
9  assist petitioner with this Federal Habeas Corpus Petition. I agreed to do so. I obtained
10 petitioner's trial record in August, 2006.

11      4.      On direct appeal in California Courts, petitioner's appointed counsel
12 raised one of the issues raised in the present petition in this court, but did not raise the
13 other issue (i.e., the issue relating to the imposition of consecutive sentences based on
14 facts not found by the jury.)

15      5.      I have advised petitioner that an exhaustion petition is necessary in
16 California courts to satisfy federal exhaustion requirement. In my opinion, an exhaustion
17 petition is necessary regarding the consecutive sentencing issue. It is also possible that
18 exhaustion might be argued as necessary regarding the first claim raised here (the "one
   strike" finding issue).

19
20      6.      The issues are meritorious, and of constitutional magnitude.

21      7.      After considering the decisions in *Pace v. DiGugliemo* 125 S.Ct. 1807
22 (2005) and *Bonner v. Carey* (2006) 439 F.3d 993, I advised petitioner that a petition for
   stay and abey should be filled to satisfy the AEDPA deadline.

23      For these reasons, I request a stay in this matter.

24      Executed on October 31, 2007 in Redwood City, California, San Mateo County.

25
26
27                                              JOHN HALLEY, Attorney
28                                              for Petitioner, Willie Schoby, Jr.

1

**MEMORANDUM IN SUPPORT**

2

3

4

Petitioner has filed a habeas corpus petition in this court, raising two meritorious

constitutional claims. That petition was filed within the AEDPA deadline, which ran on

5  October 24,2007. A further habeas corpus petition in state court, however, is required for

6

7

8

purposes of exhaustion. Petitioner here asks for a stay of this pending federal habeas

proceeding so that he may file the necessary state habeas corpus petition.

9

10

11

12

13

**I. THE INSTANT PROCEEDINGS SHOULD BE STAYED AND**

**HELD IN ABEYANCE PENDING ONGOING EXHAUSTION IN STATE COURT**

**OF ALL UNEXHAUSTED GROUNDS STATED IN THE OPERATIVE "MIXED"**

**SECTION 2254 PETITION.**

14

15

16

17

18

A state prisoner is required to exhaust all available state court remedies before a

federal court may grant him habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842

(1999). AEDPA establishes a deadline for filing a state prisoner habeas corpus petition in

federal court.  28 U.S. C. § 2244(d)(1).

19

20

21

22

23

Recent decisions of the U.S. Supreme Court and the 9th Circuit suggest that a state

court petition may not toll the AEDPA statute of limitations if the state court deems the

claim not "properly filed." *Pace v. DiGuglielmo* (2005) 125 S.Ct. 1807; *Bonner v. Carey*

(2006) 439 F.3d 993.

24

25

26

27

28

A prisoner seeking state postconviction relief might avoid this predicament,

however, by filing a "protective" petition in federal court and asking the federal court to

stay and abey the federal habeas proceedings until state remedies are exhausted. See

*Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005).

1
2
3
4
5

A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition"). *Rhines, supra.*

6
7
8
9
10

Petitioner acknowledges that his federal habeas petition is a "mixed" petition which contains both an exhausted claim and the unexhausted claims. Petitioner has sought to satisfy the AEDPA deadline while also complying with the policy preference that all claims to be presented in the first federal habeas petition.

11
12
13
14
15

The procedure of staying and abeying a petition that is, or may be, impermissibly "mixed" was recently approved by the United States Supreme Court in *Rhines v. Weber*, supra; *Pace v. DiGuglielmo*, supra. The requested stay is proper and its issuance is well within this court's discretion.

16
17
18
19
20
21
22
23

Furthermore, the requested abeyance would serve the policy interest of promoting judicial economy. If the state court resolves the state habeas petition in petitioner's favor and the conviction challenged herein is reversed, that would moot the issues contained herein, which in turn would relieve this court of the judicial time and expense of examining the petition for claims which are exhausted, the dismissal of unexhausted claims, and the later amendment. Therefore, this court should order the requested stay.

24
25
26
27
28

Accordingly, counsel for petitioner prepared and filed a petition for writ of habeas corpus raising these ten claims in the California Supreme Court. The petition is being proposed and will be filed within 30 days.(See Declaration of John Halley). The instant case should be stayed until the state court rules on the habeas petition.

1    Where the failure to stay the petition would render it unlikely or impossible for the

2    petitioner to timely return to federal court within the one-year statute of limitations,
3
4    following state court exhaustion, the exercise of discretion in favor of a stay is

5    "particularly appropriate." *Kelly v. Small*, 300 F.3d 1159, 1165 (9th Cir. 2002). See also,

6    *Zarvela v. Artuz*, 254 F.3d 374, 382-383 (2d Cir. 2001) (abuse of discretion not to stay

7    petition where statute of limitations would bar return to federal court). This promotes
8
9    comity by allowing the state court to pass on the claim first and, at the same time, protects

10   the right of petitioners to federal habeas review. *Kelly, supra,* 300 F.3d at 1165-1166.

11   Petitioner has diligently proceeded in this case. He timely filed his federal petition
12
13   and is timely pursuing state court exhaustion.

14   To guard against undue delay, *Kelly* noted that the district court could require the

15   petitioner to file his state court petition within 30 days. (Id. at 1166.) Petitioner will do so.

16   *Kelly* also suggested that any stay remain in effect until 30 days following entry of final
17
18   judgment by the California Supreme Court. Petitioner has submitted a proposed order to

19   that effect. He is ready to proceed on these claims in this Court if the claim is denied by

20   the California Supreme Court. On balance, all the factors favor staying the proceedings
21
22   pending exhaustion, and petitioner respectfully requests that this Court do so.

23   Dated: _____                              Respectfully submitted,

24

25

26

27                                               JOHN HALLEY
                                                 Attorney for Petitioner
28