United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE SCHOBY JR.,

Petitioner,

v.

ANTHONY HEDGPETH, Warden,

Respondent.
_______________________________________/

No. C 07-5431 SI

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Willie Schoby, Jr., an inmate at Kern Valley State Prison, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the San Mateo County Superior Court. This matter is now before the court for consideration of the merits of the petition. For the reasons discussed below, the petition will be denied.

**BACKGROUND**

On September 10, 2004, a San Mateo County jury convicted Schoby of false imprisonment, assault, and two counts of rape. The California Court of Appeal described the facts of this case as follows:

> The victim, Pamela, testified she was raped twice by defendant at his home. Following the first rape, Pamela attempted to leave but was prevented. Defendant produced a bat, used it to hit her on the leg, and ordered her to get back on the bed. Defendant then produced a tire iron and attempted to strike her leg with it. Pamela returned to the bed, where defendant raped her a second time. Later in the evening, defendant struck her with a belt on her back. Prior to the rapes, defendant and Pamela had both been drinking. According to Pamela, defendant also smoked crack cocaine. Pamela did not share in the cocaine, though she had smoked some earlier.
>
> Pamela told the nurse she saw later that day that she had been struck with a belt, a crowbar and a bat. The nurse observed swelling, redness and abrasions on Pamela's

back and slight swelling on her left calf. Police recovered two bats from defendant's home.

*People v. Schoby*, No. A107821/A108061, at *3-4 (Cal. Ct. App. Apr. 13, 2006). In convicting Schoby, the jury also found true the allegation that he personally used a dangerous or deadly weapon during the course of one of the rapes in violation of California Penal Code section 667.61(e)(4). However, the jury found not true the similar allegation that he personally used a "deadly weapon, to wit: a bat and a crowbar," during the course of the same rape in violation of California Penal Code section 12022.3(a).

The trial court found Schoby's prior robbery conviction to be a strike under California Penal Code section 1170.12(c)(1) and a serious felony under section 667(a). The court also found true the allegation that Schoby committed the current offenses while on bail for another felony offense pursuant to California Penal Code section 12022.1. Petitioner was sentenced to a determinate term of 19 years in prison, plus a consecutive indeterminate term of 30 years to life. Petitioner appealed. The California Court of Appeal affirmed the conviction in a reasoned opinion. The California Supreme Court denied review on July 26, 2006.

Petitioner filed the instant petition on October 24, 2007. He then moved to stay and abey the proceedings on November 5, 2007 in order to exhaust certain claims made in this petition in the California Supreme Court. The motion was granted on December 6, 2007 and petitioner was ordered to return within thirty days of exhausting the unexhausted claims. Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on January 17, 2008. The Supreme Court subsequently denied his petition for writ of habeas corpus without discussion on July 9, 2008. Petitioner moved to lift the stay in this Court on August 29, 2008 and the motion was granted on September 30, 2008.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in San Mateo County, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

**EXHAUSTION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required to first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 31 (9th Cir. 1988).

Respondent contends that some of petitioner's claims are untimely because they were not exhausted within the federal statute of limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must generally be filed within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

Here, petitioner filed a protective petition in federal court exactly one year after his state conviction became final on direct review. He moved to stay and abey these proceedings shortly after filing his petition in order to exhaust the remainder of his claims. He filed a state habeas petition in the California Supreme Court soon after the motion to stay was granted and returned to this Court shortly after the Supreme Court issued its order. Therefore, the Court finds that all of petitioner's claims were timely exhausted. In any event, even if certain claims are not exhausted, as set forth below, all of petitioner's claims fail on the merits.

**United States District Court**
For the Northern District of California

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision[] but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

In reviewing a habeas corpus petition, a federal court must look to the last reasoned decision of the state court to determine whether the court's decision was contrary to or an unreasonable application of established federal law. *Luna v. Cambra*, 306 F.3d 954, 960-61 (9th Cir. 2002). Here, the last reasoned decision of the state court is the decision issued by the California Court of Appeal.

## DISCUSSION

Petitioner raises two central claims. First, he contends that the trial court's jury instruction on the elements of the "one strike" enhancement provision violated his rights under the Sixth and Fourteenth Amendments to a finding by the jury beyond a reasonable doubt. Second, he argues that the trial court's imposition of consecutive sentences based on its own findings violated his Sixth Amendment right to a trial by jury.

### I. Challenges to the "one strike" sentence enhancement

In count three of the information, petitioner was charged with rape in violation of California Penal Code section 261(a)(2). Count three included two weapons enhancements, one under California Penal Code section 667.61(e)(4) and one under section 12022.3. Section 667.61, commonly known as the "One Strike" law, requires sentence enhancements where a defendant has been convicted of certain sexual offenses under specified aggravating circumstances. Petitioner was charged with aggravating circumstances pursuant to subsection (e), subdivision(4), which provides for a sentence enhancement if "[t]he defendant personally used a *dangerous or deadly* weapon or a firearm in the commission of the present offense in violation of Section 12022, 12022.3, 12022.5, or 12022.53." (emphasis added). Section 12022.3(a) provides for a sentence enhancement "if the person uses a firearm or a *deadly* weapon in the commission of the violation." (emphasis added). One jury instruction, CALJIC 17.19.1, was given for both section 667.61 and 12022.3 allegations. That instruction provided:

> It is alleged in Counts 3, 5, 16, 17, and 18 that the defendant personally used a deadly weapon during the commission of those crimes. If you find the defendant guilty of counts 3, 5, 16, 17, or 18, you must determine whether the defendant personally used a deadly weapon in the commission of those crimes.
>
> A *deadly weapon* is any object, instrument, or weapon which is used in such a manner as to be capable of producing or likely to produce death or great bodily harm. The term *personally used a deadly weapon* as used in this instruction means that the defendant must have intentionally displayed a deadly weapon in a menacing manner, or intentionally struck or hit a human being with it.
>
> The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true. Include a special finding

on that question in your verdict using a form that will be supplied for that purpose.

Clerk's Transcript 124; Reporter's Transcript 2047-28. The jury found as true the allegation under section 667.61(e)(4), and found as not true the allegation under section 12022.3(a). Petitioner contends that his due process rights were violated because there is a reasonable likelihood that the jury understood the jury instructions and verdict form in a way that relieved the prosecution of its burden to find certain elements of the one strike enhancement provision under California Penal Code section 667.61(e)(4) beyond a reasonable doubt.

**A. Prerequisite finding of section 12022.3 violation**

First, petitioner contends that the jury instructions were deficient because it did not require the jury to find a violation of section of 12022.3 in order to ultimately find a violation of section 667.61(e)(4). If a jury instruction omits a necessary element of the crime, constitutional error has occurred. *Ho v. Carey*, 332 F.3d 587, 592 (9th Cir. 2003). Petitioner asserts that a true finding under section 12022.3(a) is a necessary element of 667.61(e)(4) because section 667.61(e)(4) states that the defendant used a dangerous or deadly weapon "in the commission of the present offense in violation of section . . . 12022.3." Since the jury found the allegation under section 12022.3 not true, petitioner claims that this specific requirement of the One Strike law was not met.

The California Court of Appeal rejected this argument, holding that the 667.61 instruction was proper because a violation of section 12022.3(a) is not a prerequisite to finding a violation of section 667.61(e)(4). *People v. Schoby*, No. A107821/A108061, at *6-7 (Cal. Ct. App. Apr. 13, 2006). The Court of Appeal held:

> [T]he instruction was not defective because no such [prerequisite] finding is required. The jury was properly instructed on the elements of section 667.61, subdivision (e)(4). The jury was told that defendant was alleged to have personally used a deadly weapon. The terms "personally used" and "deadly weapon" were properly defined. No more was required. (See *People v. Jones* (1997) 58 Cal. App. 4th 693, 710 [findings under section 12022.3, subdivision (a) constitute findings under section 667.61, subdivision (e)(4)]; *People v. Mancebo* (2002) 27 Cal. 4th 735, 740-41 [section 667.61 represents an alternative sentencing scheme].) We find no instructional error.

*Id.* at *7. Since the state court determined that a concurrent finding is not required as a matter of state

law, that determination is binding on this Court. *See Waddington v. Sarausad*, 129 S. Ct. 823, 832 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (internal citation omitted). Therefore, petitioner is not entitled to federal habeas relief on this claim.

**B. Deadly or dangerous weapon**

Second, petitioner contends that there is a reasonable likelihood that the jury instruction and verdict form caused the jury to believe that it could find the one strike sentence enhancement true without making the necessary finding beyond a reasonable doubt that defendant used a weapon that was likely to cause death or great bodily injury. The one strike sentence enhancement law under section 667.61(e)(4) required the jury to find that the defendant used a "deadly or dangerous" weapon. California uses the same definition for "dangerous" weapon and "deadly" weapon, i.e., "any weapon, instrument or object that is capable of being used to inflict death or great bodily injury." CALJIC 12.42. Petitioner contends that it is reasonably likely that the jury misunderstood the meaning of dangerous weapon to mean something less severe than deadly weapon, thereby relieving the prosecution of its burden of proving the "deadly or dangerous" weapon element of section 667.61(e)(4).

Petitioner supports his contention by pointing to three parts of the record: (1) the charge in the information, (2) the jury instruction, and (3) the verdict form. First, the information alleged in count three that "William Schoby, Jr. personally used a dangerous *or* deadly weapon" in the commission of the crime." Clerk's Transcript 916 (emphasis added). Petitioner argues that by listing the terms "dangerous" and "deadly" as alternatives, the charge suggested that the concepts were distinct. Second, the jury instruction only defined the term "deadly weapon" and made no reference to the term "dangerous weapon." *See* instruction *supra*. Therefore, petitioner argues that the jury was led to believe that this definition applied only to "deadly weapons." Lastly, the verdict form re-introduced the term "dangerous weapon" by requesting a finding as to whether Schoby "personally used a dangerous or deadly weapon." Petitioner contends that the verdict form should not have included the term "dangerous

weapon" since the jury was never instructed on its legal definition.

Petitioner contends that in the absence of any guidance or instruction on the definition of the term "dangerous weapon," a reasonable juror would understand it to mean something less than a "deadly weapon" based on common sense. Respondent does not dispute that the verdict form may have created some ambiguity. However, respondent argues that there is no reasonable likelihood that the jury misconstrued the elements of the enhancement as a result because the actual instruction on section 667.61(e)(4) was proper. Respondent notes that the verdict form was not an instruction and the actual instruction stated that the jury only had to find that petitioner personally used a "deadly" weapon. By contrast, petitioner asserts that the jury relied on the language of the verdict form in making their deliberations to conclude that they could find the allegation true if defendant used *either* a deadly *or* a dangerous weapon.

To show constitutional error, petitioner must demonstrate that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotations and citations omitted). Ambiguity, inconsistency, or deficiency in the instruction does not necessarily constitute a due process violation. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). Rather, petitioner must show both ambiguity and a "reasonable likelihood" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Waddington*, 129 S. Ct. at 831. Although "reasonable likelihood" is lower than the "more likely than not" standard, it requires more than a mere "possibility." *Polk v. Sandoval*, 503 F.3d 903, 910 (9th Cir. 2007).

The Court concludes that there was no constitutional error here. While the jury instruction and the verdict form may have created some ambiguity, there is no reasonable likelihood that the jury applied the instruction in a way that resulted in a failure to find every fact necessary to constitute the aggravating circumstance beyond a reasonable doubt. At best, petitioner raises the possibility that (1) the jury concluded that defendant used only a belt, and (2) the jury believed that a belt is not "likely to cause death or great bodily injury" but nevertheless constitutes a dangerous weapon. However,

contrary to petitioner's arguments, the jury's rejection of the section 12022.3(a) allegation does not necessarily mean that the jury found that petitioner did not use a deadly weapon. The jury finding under section 12022.3(a) states that it found that defendant had not "used a firearm or deadly weapon, to wit: a bat *and* a crowbar" during the rape. Clerk's Transcript 1160 (emphasis added). The police recovered bats from defendants home but no crowbar. As the California Court of Appeal stated, "these factors could have led the jury to reasonably conclude that the victim was assaulted by a bat but not a crowbar, thus reconciling the findings." *Schoby*, No. A107821/A108061, at *8.

Petitioner contends that the evidence supports a finding that defendant used only a belt. Although the victim testified that defendant used a bat, a crowbar, and a belt, petitioner asserts that the victim's intoxication, crack cocaine addiction, and inconsistent statements about the incident constitute reasons to doubt her credibility. However, credibility questions are for the jury. Furthermore, even if the jury concluded that the victim was not a credible witness, this would not inexorably lead them to the conclusion that defendant used a belt but not a bat or a crowbar. Indeed, the evidence at trial supported a finding that defendant used a bat.

Petitioner also claims that the testimony of Diana Cummings, the forensic nurse who examined the victim shortly after the incident, suggests that the defendant used only a belt. Cummings testified that the victim's injuries were not consistent with someone being hit by a crowbar or an aluminum bat. Reporter's Transcript 1372-73. However, the term "personally used a deadly weapon" under section 667.61(e)(4) only requires that petitioner "intentionally displayed a deadly weapon in a menacing manner." CALJIC No. 17.19.1. Therefore, even if the victim's bruises did not correspond with being hit with a bat or a crowbar, a reasonable jury could have reached the conclusion that a deadly or dangerous weapon was used in this offense.[1]

---

[1] Further, it is possible that a reasonable jury could have concluded that a belt constituted a deadly or dangerous weapon. Here, the victim testified that petitioner hit her with a belt, and she had swelling, abrasions and redness on her back and left leg. "In determining whether an object not inherently deadly or dangerous was used in the requisite manner, the trier of fact may look to the nature of the weapon, the manner of its use, and any other relevant fact. Although neither physical contact nor injury is required for a conviction, if injuries result, the extent of such injuries and their location are relevant facts for consideration." *People v. Beasley*, 105 Cal. App. 4th 1078, 1086 (2003). The phrase

**United States District Court**
For the Northern District of California

Lastly, even if the jury charge was erroneous, petitioner cannot obtain habeas relief unless the error "had a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Calderon v. Coleman*, 525 U.S. 141, 146-47 (1998). Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in "actual prejudice." *Brecht*, 507 U.S. at 637. Petitioner's speculations about the jury's failure to find use of a deadly or dangerous weapon beyond a reasonable doubt is not sufficient to demonstrate actual prejudice. *See United States v. Talbot*, 51 F.3d 183, 186 (9th Cir. 1995) ("In demonstrating actual prejudice, the defendant's burden is a heavy one: 'the proof must be definite and not speculative . . . .'"). Petitioner's arguments about how the jury reached its verdict are speculative.

**II. Challenges to the consecutive sentences**

Petitioner also contends that imposition of consecutive sentences based on factual findings made by the judge, rather than the jury, violated his Sixth Amendment right to a jury trial. He claims that this was constitutional error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Cunningham v. California*, 549 U.S. 270 (2007). The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due Process Clause. *Duncan v. Louisiana*, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime.

Petitioner's claim is foreclosed by the recent decision in *Oregon v. Ice*, 129 S. Ct. 711 (2009), in which the Supreme Court held that the Sixth Amendment does not require juries to make findings of

---

"deadly weapon" has been defined to include many different objects, including a pillow, a large rock, and a fingernail file. *See People v. Nealis*, 232 Cal. App. 3d Supp. 1, 4 n.2 (1991) (collecting cases).

United States District Court
For the Northern District of California

fact regarding the imposition of consecutive rather than concurrent sentences, and that states may allow judges to make those findings of fact. *Id.* at 714. Under *Ice*, a trial judge may impose consecutive sentences based on findings made by the judge without running afoul of the *Apprendi* line of cases. *Id.* at 717. That is just what was done here: the court imposed consecutive sentences based on its own finding that the two rapes against Pamela in Counts 2 and 3 occurred on separate occasions after opportunity to reflect. RT of sentencing 39-40. Therefore, petitioner is not entitled to the writ on this claim.

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The Clerk shall close the file.

Pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court has reviewed the record in this case and issues a certificate of appealability on petitioner's claim that the trial court's jury instruction on the elements of the "one strike" enhancement provision violated his rights under the Sixth and Fourteenth Amendments to a finding by the jury beyond a reasonable doubt. The Court does not issue a certificate of appealability on petitioner's claim that the trial court's imposition of consecutive sentences based on its own findings violated his Sixth Amendment right to a trial by jury because petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: December 1, 2009

SUSAN ILLSTON
United States District Judge